**T. J. BELL, Appellant,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellee.**

No. 14594.

Court of Civil Appeals of Texas.

Houston.

Oct. 7, 1965.

Rehearing Denied Oct. 28, 1965.

Mabel Grey Howell, Howard M. Wayland, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, L. S. Carsey, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, T. J. Bell, to recover workmen's compensation benefits. After the jury reached its verdict, the verdict was duly accepted and filed in the cause.

Appellee, The Aetna Casualty and Surety Company, filed a motion for judgment non obstante veredicto and moved the trial court to enter judgment in favor of appellant, disregarding the answer of the jury to Special Issue No. 1, and to find, as a matter of law, that appellant was totally disabled temporarily from January 25, 1963, the date of his injury, to March 13, 1963. The trial court disregarded the negative answer to Special Issue No. 1 which inquired whether the injury sustained by appellant was the producing cause of any total incapacity, and then entered judgment in which the court recites that the "undisputed evidence in the record shows, and the court finds, that Plaintiff was totally disabled from January 25, 1963, until March 13, 1963, a period of seven weeks; * * *." The court entered judgment for total compensation for such period, plus compensation for temporary partial incapacity in accordance with the verdict of the jury, less amounts theretofore paid to appellant.

In his first four Points, appellant asserts that the trial court erred in rendering judgment non obstante veredicto by setting aside the negative answer of the jury to Special Issue No. 1, and substituting therefor the trial court's finding that plaintiff sustained total incapacity for a period of seven weeks, because thereby appellant was deprived of a fair trial by an impartial jury.

Special Issue No. 1 of the court's charge reads:

"Do you find from a preponderance of the evidence that the injury sustained by T. J. Bell on or about January 25, 1963, was the producing cause, as that term is herein defined to you, of any total incapacity to T. J. Bell?

"Answer 'We do' or 'We do not'."

To this issue the jury answered: "We do not."

Special Issues Nos. 2, 3 and 4 were all conditionally submitted, based upon an affirmative answer to Special Issue No. 1. Such issues inquired as to when the total incapacity began, whether it was permanent or temporary, and if temporary for what period such total incapacity continued or will continue. Since the jury answered Special Issue No. 1 in the negative, the jury did not answer Special Issues Nos. 2, 3 and 4.

Special Issue No. 5 inquiring as to whether appellant's injury was a producing cause of any partial incapacity was answered in the affirmative. The jury then found to other special issues conditioned upon such affirmative answer to Special Issue No. 5, that such partial incapacity began March 14, 1963, that it was temporary, and that it continued or will continue for a period of twenty-six weeks. The jury found that the appellant's average weekly wage earning capacity during his partial incapacity was $40.00 a week. It was stipulated that his average weekly wage prior to his injury was $62.00.

The court in its judgment found that appellant was totally disabled from January 25, 1963 until March 13, 1963, a period of seven weeks; and that he was paid workmen's compensation benefits at the rate of $35.00 per week by the appellee for a period of twelve weeks, beginning from January 26, 1963 to April 20, 1963, being the sum of $420.00 for which appellee was entitled to a credit. The court decreed that appellant recover from appellee the sum of $35.00 per week for seven weeks temporary total incapacity, being from January 25, 1963 to March 13, 1963, and the further sum of $13.20 for twenty-six weeks temporary partial incapacity from March 14, 1963 to September 12, 1963, in accordance with the jury findings.

The uncontroverted evidence shows that appellant was totally incapacitated immediately following his accidental injury on January 25, 1963, and for some weeks thereafter, and that appellee paid appellant compensation benefits for temporary total disability from the date of the accident through April 20, 1963. Appellee pled that it had paid appellant workmen's compensation benefits as prescribed by law for temporary total disability from the date of the accident through April 20, 1963, and that thereafter appellant was fully capable of returning to work and performing any type of work which any other normal 58 year old male could have performed if he had desired to do so.

Since the evidence conclusively established that the injury sustained by appellant on or about January 25, 1963, was the producing cause of some total incapacity to appellant, Special Issue No. 1 should not have been submitted. Appellant did not object or except to the submission of such issue, nor did he object or except to the conditional submission of Special Issues Nos. 2, 3 and 4, which were conditioned upon an affirmative answer to Special Issue No. 1. Having thus acquiesced in the manner of submission, and since the condition on which such issues were to be answered did not come to pass, appellant must be held to have waived his right to jury findings on such issues. The court, therefore, was authorized to make and file written findings on such unanswered issues in support of its judgment. In the absence of written findings the omitted issue or issues are deemed as found by the court in such manner as to support the court's judgment. Rule 279, Texas Rules of Civil Procedure; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

Rule 272, T.R.C.P., provides in effect that objections to the court's charge to the jury not made and presented as prescribed "shall be considered as waived." It also provides that the court shall only submit controverted issues of fact. The law is well established in this State that where the court instructs the jury to answer a special issue conditioned upon an affirmative finding to another issue which should not have been given because inquiring about an undisputed established fact, and the jury in compliance with the instruction fails to answer the disputed issue because of not having made such affirmative finding to the preceding issue, a party who did not object to the conditional submission waives the right to have the issue answered, and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue. Whiteside v. Tackett, Tex.Civ. App., 229 S.W.2d 908, writ dism. See also Gulf, Colorado & Santa Fe Railway Co.

v. Simpson, Tex.Civ.App., 331 S.W.2d 785, writ ref., n. r. e.; Duval County Ranch Co. v. Foster, Tex.Civ.App., 318 S.W.2d 25, writ ref., n. r. e.; Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905, writ ref., n. r. e.

Our Supreme Court, in the recent case of Strauss v. LaMark, 366 S.W.2d 555, in referring to the cases hereinabove cited, said:

"In each of these cases there was no jury finding on a controverted question of fact because the issue as submitted was conditioned on an affirmative answer to a prior issue which was answered in the negative. Although no objection to the conditional submission was made in the trial court, it was contended on appeal that the affirmative of the issue answered by the jury was established by the undisputed evidence as a matter of law. The prior issue had no place in the charge if it was conclusively established by the evidence, and the appellant could have insisted upon an unconditional submission of the disputed question of fact. It was accordingly held that the unanswered issue would be regarded as having been answered by the court in such manner as to support the judgment."

In the instant case appellant has no assignment of error that the written finding of the court in its judgment with respect to total incapacity is against the great weight and preponderance of the evidence, but he does contend that the negative answer to Special Issue No. 1, and the answers of the jury to all the special issues relative to partial incapacity are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Clearly the jury's negative answer to Special Issue No. 1 is not only against the great weight and preponderance of the evidence but it is unsupported by any

evidence. It should not have been submitted since the evidence established as a matter of law that appellant's injury was the producing cause of some total incapacity.

There is no necessary conflict in the finding of the court that appellant's incapacity continued to March 13, 1963, and the fact that appellee paid appellant compensation for total incapacity down to April 20, 1963. The payment by appellee of compensation down to April 20, 1963 at the rate of $35.00 per week did not establish that appellant's total incapacity continued to that date. Such payment of compensation did not prevent the court from finding that total incapacity continued to March 13, 1963, since it is not disputed that it continued at least until that date. The jury's finding that partial incapacity began on March 14, 1963, is entirely consistent with the court's finding that appellant's total incapacity continued to March 13, 1963.

Even if Rule 279, T.R.C.P., is inapplicable to the factual situation in the instant case in view of the jury's failure to answer any of the series of issues relative to total incapacity conditioned upon an affirmative finding to Special Issue No. 1, the trial court's judgment, in our opinion, must nevertheless be affirmed. Rule 301, T.R.C.P., does not authorize the trial court to make findings of fact but it does authorize the court upon motion and notice to disregard any special issue finding that has no support in the evidence. Hence the trial court was authorized to disregard the answer of the jury to Special Issue No. 1 which had no support in the evidence.

Special Issues Nos. 2, 3 and 4 conditioned upon an affirmative answer to Special Issue No. 1, were unanswered and were waived by appellant, as hereinabove stated. The court, therefore, could have entered judgment in favor of appellant for

only partial incapacity as found by the jury since appellant failed to obtain any jury findings that would support a judgment for total incapacity. Instead of doing so, however, the court found total incapacity down to the time the jury found partial incapacity commenced, and awarded compensation therefor although appellant under the jury verdict was not entitled thereto. If the court erred in awarding compensation for total incapacity as was done, appellant is in no position to complain since he will receive under the judgment of the court more than he would be entitled to receive under the jury verdict. He has failed to show harm. Rule 434, T.R.C.P.

We have read the statement of facts, and have carefully considered and weighed all the evidence. It would serve no useful purpose to summarize the testimony of the witnesses. It will suffice to say that after a most careful consideration of all the evidence, we have concluded that we cannot say that the answers of the jury to the issues relative to appellant's partial incapacity are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 1951, 150 Tex. 662, 244 S.W.2d 660.

Appellant also contends that the trial court erred in refusing to grant a new trial, because the compensation benefits awarded are manifestly inadequate. The compensation benefits awarded are based upon the finding of the court and the answers of the jury to the issues involving partial incapacity. Since such findings and answers are supported by the evidence and are not so against the great weight and preponderance of the evidence as to be clearly wrong, they determine the amount of compensation recoverable under the provisions of the Workmen's Compensation Law of this State.

Judgment affirmed.