Joseph H. ABATE, Plaintiff-Appellee,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant-Appellant.

No. 75–1974.

United States Court of Appeals, Fifth Circuit.

March 10, 1977.

Rehearing and Rehearing En Banc Denied April 12, 1977.

Chilton O'Brien, Beaumont, Tex., for defendant-appellant.

Edward H. Green, Beaumont, Tex., for plaintiff-appellee.

Lawrence L. Germer, Beaumont, Tex., for Atlantic Mutual, Etc.

Before WISDOM, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In this diversity case questions of negligence and contributory negligence arise under Texas law from an automobile-train collision at a railroad crossing. The jury found that the Santa Fe Railroad, the defendant, had acted negligently and that Joseph Abate, the plaintiff and driver of the car, was not contributorily negligent. The district court awarded a judgment for the plaintiff of $600,000, the amount recommended by the jury. We affirm.

The collision occurred at the intersection of the Santa Fe tracks and Texas Farm-to-Market Highway 365. As Abate approached the crossing from the west, he reduced his speed from 40 miles an hour, preparing to stop at a highway intersection 80 feet beyond the crossing. He testified that several highway signs and a flashing red light at the highway intersection distracted his attention from the crossing until he was about 20 feet from the tracks. Although the crossing was marked by a crossbar sign 675 feet from the tracks, a clump of trees and several buildings prevented a clear view of the train until the car was within 300 feet of the crossing. Abate says that he never heard a whistle nor saw the train before it struck his car broadside. He sustained injuries to his hip, back, knee, ribs, and elbow. Because the knee injury is particularly serious and painful, one doctor has suggested fusion or amputation to relieve his discomfort.

The train, pulled by a switching diesel in reverse gear, approached the crossing from the north at about 20 miles an hour. Because the engineer could see only the left side of the tracks, the brakeman served as a lookout on the right side. The brakeman testified that he advised the engineer of Abate's approach and that the whistle began blowing from 200 to 300 feet before the crossing. Although the brakeman thought that the engineer started to brake the train as soon as the approaching car was announced, the engineer testified that he did not brake until just before the collision. The train stopped more than 300 feet beyond the crossing.

The railroad challenges the judgment of the district court on a number of grounds. First, the appellant contends that the jury did not have sufficient evidence to conclude that negligent conduct by the railroad proximately caused the accident. The district court correctly instructed the jury, however, that a Texas statute required the engineer to sound the whistle at least 1,320 feet (80 rods) from the crossing,[1] and that failure to do so would constitute negligence as a matter of law. *See, e. g., Rio Grande, E.P. & S.F.R. Co. v. Dupree,* Tex.Comm. App.1932, 55 S.W.2d 522, 525; *Hines v.*

---

1. Tex.Rev.Civ.Stat.Ann. art. 6371 (Vernon Supp.1976) states in part:

   A bell of at least thirty (30) pounds weight and a steam whistle, air whistle or air siren shall be placed on such locomotive engine, and the steam whistle or air siren shall be sounded and the bell rung at a distance of at least eighty (80) rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road, or stopped . . . .

*Foreman,* Tex.Civ.App.1921, 229 S.W. 630, 634. The jury could reasonably have found that the whistle was not sounded until just before or just at the moment of the collision. The evidence therefore supports the jury's finding that the "failure [of the railroad] to properly blow whistle and engage warning devices"[2] constituted negligence that proximately caused the collision.

The railroad also submits that Abate should have been held contributorily negligent as a matter of law because he failed to stop at the crossing as required by a Texas civil statute. Article 6701d § 86(d) requires drivers to stop their cars within a specified distance of railroad crossings whenever approaching trains are both plainly visible and in hazardous proximity to the crossing. Under the Texas cases, however, a failure to stop in compliance with the statute will not necessarily lead to a directed verdict on contributory negligence. If the plaintiff offers an excuse for his failure to stop, the district court may submit the issue to the jury. *Texas & New Orleans Railroad Co. v. Day,* 1958, 159 Tex. 101, 316 S.W.2d 402, 407. Here, Abate argues that the highway signs and the flashing stoplight at the intersection distracted his attention from the railroad crossing. In these circumstances the district court properly refused to direct a verdict:

> There is ample authority for the legal proposition that mere "distractions" which divert the attention of one crossing a railroad track from an approaching train by which he is injured will obviate a holding of failure to keep a proper lookout as a matter of law.

*Id., citing Kirksey v. Southern Traction Co.,* 1919, 110 Tex. 190, 217 S.W. 139.

The railroad also argues that Abate was contributorily negligent as a matter of law under Tex.Rev.Stat.Ann. art. 6701d § 86(c), which requires drivers to stop their cars at crossings when:

> [a] railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a sig-

nal audible from such distance and such engine by reason of its speed or nearness to such crossing is an immediate hazard;

Because the Santa Fe train at best sounded its whistle within only 200 to 300 feet of the crossing, the district court committed no error by rejecting the railroad's argument. The Texas cases have applied the statute only when a whistle was sounded approximately 1500 feet away from the crossing. *Louisiana & Arkansas Railway Co. v. Pruitt,* Tex.Civ.App.1957, 298 S.W.2d 608, 615; *see, e. g., Woodruff v. St. Louis Southwestern Railway Lines,* Tex.Civ.App.1972, 484 S.W.2d 437, 439; *Muniz v. Panhandle & Santa Fe Railway Co.,* Tex.Civ.App.1955, 285 S.W.2d 809, 813–14. The lateness of the whistle therefore precludes application of the statute to the facts of this case.

Finally, the railroad submits that the damage award of $600,000 is excessive, although it offers no Texas law to support this proposition. In *Missouri Pacific Railroad Co. v. United Transports, Inc.,* Tex.Civ.App.1975, 518 S.W.2d 904, the plaintiff, who was not completely disabled, received a $500,000 award for injuries received in a train-truck collision. We cannot say that Abate, who is completely disabled, is facing the threat of amputation, and has suffered and is still suffering great pain, was excessively compensated by the district court.

The Court has considered all of the points of error the appellant relies on, including those not referred to in this opinion.

The judgment is AFFIRMED.

---

2. These are the jury's words in explaining its affirmative answer to the special interrogatory, was the negligence of the railroad a proximate cause of the accident.