**SOUTHERN PACIFIC TRANSPORTATION COMPANY et al., Appellants,**

v.

**Rudolph GARRETT et al., Appellees.**

**No. 1642.**

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 18, 1980.

---

H. Daniel Spain, Houston, for appellants.

Jack Salyer, Bay City, Don R. Riddle, Houston, for appellees.

## OPINION

YOUNG, Justice.

This appeal arises from a railroad crossing collision case. Appellees Jimmy Quinn and Rudolph Garrett are the driver and passenger, respectively, of an automobile which collided with the rear end of a freight train owned by appellant, Southern Pacific Transportation Company and operated by conductor, E. L. Hanna. The case was submitted to a jury, which found that appellees had no statutory duty to stop at the crossing and that their actions were not negligent under common-law negligence standards. Appellants were found to be negligent in several respects and that each act of negligence was a proximate cause of the accident. The trial court rendered judgment against the defendants in favor of Quinn for $152,500.00 and in favor of Garrett for $233,358.00. Southern Pacific and Hanna appeal.

Appellee Jimmy Quinn was the driver of an automobile that collided with a freight train at a railroad crossing in Nacogdoches, Texas. As Quinn approached the crossing from the east, the crossing gates were lowered, the red warning lights flashed, and several cars (including Quinn's) waited for the train to cross the roadway. A southbound train proceeded across the roadway using the westernmost tracks of a set of eight side-by-side tracks.

Once the train had passed and the crossing gates were raised, Quinn followed the other cars across the tracks. While Quinn was driving across the tracks, the end of a

different train travelling to the north struck Quinn's car in a reversing movement. There is evidence that the crossing gate and the red flashers were activated after Quinn began to proceed across the set of eight tracks. There is also evidence that Quinn was unable to see the train because of a large building located next to the tracks which blocked his view.

Quinn and a passenger in his car, Rudolph Garrett, brought this suit alleging negligence in the operation of the train by the conductor, E. L. Hanna, and the owner of the train, Southern Pacific Transportation Company, which proximately caused injuries to their persons and property. The case was submitted to the jury on special issues inquiring into the train's negligence and into appellee Quinn's contributory negligence by statute [Tex.Rev.Civ.Stat.Ann. art. 6701d, § 86 (1977)] or in the alternative through Quinn's common law negligence.

The jury found Southern Pacific negligent on five separate counts, each of which was found to be a proximate cause of the collision. Regarding Quinn, the jury found that the train was in hazardous proximity to the crossing before Quinn reached a point fifteen feet from the nearest rail of the railroad track on which the train was approaching. The trial court found as a matter of law, that Quinn did not stop his vehicle at a point less than fifty feet, but greater than fifteen feet from the nearest rail of the railroad track. The failure of Quinn to stop his vehicle when the train was in hazardous proximity to the crossing was not found to be a proximate cause of the accident. Additionally, the jury did not find Quinn to be negligent in any other regard, even though several issues were submitted inquiring as to his negligence. In assessing percentages of negligence for each party, the jury found Quinn to have 0%, Southern Pacific 98%, and Hanna 2%. The issue of damages was also answered by the jury, which found considerable damages for both Quinn and Garrett. The trial court rendered its judgment in favor of Quinn and Garrett.

Appellants bring this appeal on six points of error. The first two points relate to the failure of the trial court to submit a requested instruction. The final four points raise insufficiency of evidence challenges to the findings of the special issues.

Appellants center this appeal essentially on the failure of the trial court to submit a requested instruction embodying the uniform standard of safe conduct for those who approach and cross railroad crossings set out by the Legislature. Tex.Rev.Civ. Stat.Ann. art. 6701d, § 86 reads:

"Sec. 86. Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:

(a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a train;

(b) A crossing gate is lowered, or when a human flagman gives or continues to give a signal of the approach or passage of a train;

(c) A railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a signal audible from such distance and such engine by reason of its speed or nearness to such crossing is an immediate hazard;

(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

Appellants submitted a substantially correct instruction to the trial court which informed the jury that the appellee driver was charged with knowledge of this statute. The trial court refused to charge the jury accordingly.

The courts of this State have frequently dealt with the problems inherent in instructing the jury about the question of negligence in cases involving art. 6701d, § 86. Calvert, Special Issues Under Article 6701d, Section 86(d), of the Texas Civil Statutes, 34 Tex.L.Rev. 971 (1956). In *Castro*, the Supreme Court resolved the prob-

lems inherent with the submission of special issues under Art. 6701d, § 86. *Southern Pacific Company v. Castro*, 493 S.W.2d 491 (Tex.1973). As noted in that opinion, we too " . . . recognize the procedural uncertainty in trying a case of this kind." *Castro*, supra, at 496. Therefore, we must consider the guidelines set out in *Castro* in light of the issues that were submitted in the case before us.

The Supreme Court in *Castro* set out procedural guidelines for submitting issues under Art. 6701d, § 86 in those cases in which excuse has been raised. In effect, the party alleging a violation of the statutory duty imposed by this article must prove that a violation did occur. See *Moughon v. Wolf*, 576 S.W.2d 603 (Tex.1978); *Christy v. Blades*, 448 S.W.2d 107, 110 (Tex.1969). With such proof, the act is deemed to be negligence per se, except in those cases in which the violating party claims an excuse. See *Abate v. Atchison, T. & S. F. Ry. Co.*, 548 F.2d 525 (5th Cir. 1977). The issue of excuse should not be submitted to the jury, but rather the evidence of a legally acceptable excuse is sufficient for the statutory violation not to constitute negligence per se. See *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972); *Texas & New Orleans Railroad Co. v. Day*, 159 Tex. 101, 316 S.W.2d 402, 407 (1958); *Madara v. Marshall*, 578 S.W.2d 787 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.). The burden of proof then remains on the party asserting the statutory violation to obtain a finding that the violating party was contributorily negligent as measured by the common law or reasonable man standard. *Moughon v. Wolf*, supra, at 605.

In the submission of common law negligence issues to the jury after a finding of a violation of a statutory duty and evidence of excuse has been offered, the party against whom judgment is sought is entitled to explanatory instructions embodying the provisions of Art. 6701d, § 86. The purpose of these instructions is to inform the jury of the statutory duties set out by the Legislature. See the dissent in *Structural Metals, Inc. v. Impson*, 469 S.W.2d 261, 275 (Tex.Civ.App.—Corpus Christi 1971), rev'd, 487 S.W.2d 694 (Tex.1972). The jury then can evaluate the reasonableness of the actions of the party-plaintiff in light of the excuse and the standard of safe conduct set out by the statute.

Explanatory instructions are the tools which aid the jury in rendering a just and proper verdict, and as such, should be submitted when, in the sole discretion of the trial judge, they will help the jury to understand the meaning and effect of the law and the presumptions thereby created. Rule 277, T.R.C.P.; *Thomas v. Oil & Gas Building, Inc.*, 582 S.W.2d 873 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *First State Bank & Trust Co. of Edinburg v. George*, 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). The submission of explanatory instructions is "proper" if it finds support in the evidence and the inferences to be drawn therefrom. *Gonzalez v. Texas Dept. of Human Resources*, 581 S.W.2d 522, 526 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). Care should be taken, however, that their submission does not prejudice one of the parties before the jury. *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481 (1943). For this reason, the trial judge is given wide discretion in their submission. *First State Bank of Corpus Christi v. Ake*, 606 S.W.2d 696 (Tex.Civ.App.—Corpus Christi 1980); *Velasquez v. Levingston*, 598 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1980, no writ).

Even though the appellants may have been entitled to an instruction informing the jury about the statutory uniform standard of care (*Castro*, supra, at 498), no reversible error was committed by the failure to submit such instruction. It is true that the issue of a violation of a statutory duty was submitted in this case, and evidence of excuse was before the jury. The trial court also submitted common law negligence issues. The findings of the jury, however, eliminated any error, if any, caused by the failure to submit such instruction. *State Highway Dept. v. Pinner*, 531 S.W.2d 851, 855 (Tex.Civ.App.—Beaumont 1975, no writ).

In the submission of issues to the jury, all four statutory provisions of Art. 6701d, § 86 were included in the charge. The jury found that the train was in hazardous proximity to the crossing [art. 6701d, § 86], but in a separate issue refused to find that the train was plainly visible [art. 6701d, § 86(d)]. Although the jury's finding that the train was in "hazardous proximity" to the crossing satisfies part of the fourth provision of section 86, it does not amount to negligence per se. The burden is on the appellants not only to prove that the train was in hazardous proximity but also that it was plainly visible. See *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931, 935 (1956). To ignore the significance of the conjunctive "and" in the fourth provision would destroy the meaning of the statute. The reasoning in *Castro*, while producing a different result, demonstrates the important difference between "plainly visible" and "hazardous proximity."

> "A train may be in hazardous proximity by reason of its speed or nearness though unseen or unheard; or a train may be a mile away and be both plainly visible and emitting an audible signal but still not be in hazardous proximity." *Castro*, supra, at 496.

It is the appellants' burden to prove both in order to show a violation of the statute and thereby negligence per se.

The refusal of the jury to find that there was a violation of a duty imposed by the statute causes the issue of proximate cause to be moot. The appellee Quinn cannot be found to be contributorily negligent since no breach of a statutory duty has occurred. The instruction would have no effect on the deliberation of the jury in light of their finding that no statutory violation had taken place. Further, the instruction would have served no purpose in aiding the jury in determining their answers to the common law issues on negligence. Such refusal to submit the instruction did not amount to "... such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Rule 434, T.R.C.P. *Southern Pacific Transportation Co. v. Peralez*, 546 S.W.2d 88 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

We have thoroughly examined the many authorities and cases which have reviewed the submission of such instructions embodying the uniform standard of safe conduct for railroad crossings in conjunction with common law negligence issues. While it is better practice to submit such instructions, it should be a matter left to the discretion of the trial court. We agree with the recent opinion of the Fifth Circuit that leaves the submission to the discretion of the trial court. *Southern Pacific Transportation Co. v. Smith Material Corporation*, 616 F.2d 111 (5th Cir. 1980). We find no confusion that would require reversal caused by the submission of these issues without an instruction. *Southern Pacific Co. v. Eades*, 449 F.2d 11, 16 (5th Cir. 1971).

Appellants also bring four factual insufficiency points of error which challenge other findings of the jury. As is required in a review of findings that are allegedly against the great weight and preponderance of the evidence, we have examined the whole record to determine whether there is any evidence of probative value which supports the jury findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Southern Pacific Transportation Co. v. Peralez*, supra, at 92.

In their third point of error, appellants challenge the jury's finding that the appellee-driver's failure to stop his auto was not a proximate cause of the collision when the train was in "hazardous proximity" to the crossing. Under Art. 6701d, § 86(d), the train must be in hazardous proximity *and* plainly visible. A finding that the train was in hazardous proximity but with no finding of plainly visible, as occurred in this case, will not support a finding of proximate cause. There must be a breach of the whole duty as established by the uniform standard of safe conduct, not just part of it. Additionally, an excuse was offered in this case, which would require a finding of common law negligence. *Franco v. Burtex*

*Constructors, Inc.,* 586 S.W.2d 590 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n. r. e.).

 The fourth point of error challenges the jury's finding that the train was not "plainly visible." See *Castro, supra,* at 496 for discussion of "plainly visible." We have reviewed the record and find no error in this answer. The evidence adequately supports the inference that a building blocked the view of the appellee-driver. Both the passenger and the driver testified that they could not see the train until they were within a few feet of the tracks. Another witness testified that it would be impossible to see the train until the car was next to the tracks. The only evidence to the contrary is a statement by the appellee Quinn that he saw the train earlier, but it is clear that he was confused about which train was being inquired about during questioning. Besides this momentary confusion, the testimony amply supports refusal of the jury to find that the train was "plainly visible." We find no error in such answer.

Point of error five pertains to the common law negligence issue of failure to apply brakes as would a reasonably prudent person under the same or similar circumstances. The trial court did find as a matter of law that the appellee-driver did fail to stop within the prescribed distance. There was testimony in this regard which tended to establish that the appellee-driver applied his brakes as soon as he saw the train. The train was not plainly visible until just before the collision. The jury refused to find that the appellee-driver failed to apply his brakes as would a reasonably prudent person would have under the same or similar circumstances. The jury, therefore, apparently believed that there was not adequate distance to stop before the collision.

Finally, appellants challenge the refusal of the jury to find that the appellee-driver failed to keep a proper lookout. The record reflects that the appellee-driver proceeded across the tracks only after stopping for the first train. There is also evidence that after the signals quit flashing and the crossing gates were raised, he proceeded across the tracks as a reasonably prudent man would have who was unaware that a second train was backing across the crossing.

We have carefully considered all of the appellants' points of error and they are all overruled.

The judgment of the trial court is affirmed.