Opinion issued March 18, 2004.




 





  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-03-01080-CV
          01-03-01101-CV
____________
 
M.S., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause Nos. 1083 and 1083-A
 

 
 
O P I N I O N
          In these accelerated cases, appellant, M.S., challenges the trial court’s orders
that he be involuntarily committed for temporary, inpatient mental health services and
be administered psychoactive medications.
          Appellant argues that the evidence was legally and factually insufficient to
support the trial court’s order for temporary, inpatient mental health services and
order to administer psychoactive medication. We dismiss in part and reverse and
render in part.
Background
          Linea McNeel, M.D., a board-certified psychiatrist, testified that, after
evaluating appellant, she determined that appellant suffered from chronic paranoid
schizophrenia. Dr. McNeel testified that appellant
. . . has a history of improving while he is in the hospital when he takes
medication but not being compliant with the medication when he leaves
the hospital. He becomes aggressive, intrusive with other patients. He
has passed notes to female patients that were inappropriate.


 He is
intrusive— 

Dr. McNeel testified that appellant was not a danger to himself. She further testified
that, as a result of suffering from a mental illness, appellant was likely to cause
serious harm to others. He became combative when told an EAD


 was being filed,
and he remained intrusive and had poor boundaries with others. He had to be
restrained in the emergency department, and he was suffering severe abnormal
mental, emotional, or physical distress. Dr. McNeel testified, however, that appellant
could function independently and could provide for his basic needs, but he could not
make a rational or informed decision as to whether or not to submit to treatment. She
further testified that he could not be successfully treated as an outpatient, and she
recommended that he be placed in the Austin State Hospital. Finally, Dr. McNeel
testified that “it is likely that he would be [aggressive with others] because I think he
would quit taking his medicine [if released].” Her primary complaint was that she did
not think appellant would be compliant with his medications if he were not
committed. 
          Appellant testified during the hearing. When asked if he takes his medication
when he was not in the hospital, appellant responded, “Yes, I do except sometimes
I do lessen it to a point where I don’t take it as much. I just lessen it to where I don’t
take as much times.” 
          Appellant’s mother, Martha Marie Moyt, testified that appellant lived with her
off and on. She testified that she resisted her son’s efforts to see a physician. Moyt
testified that appellant was doing “pretty good” on his medications at home, and that 
“he was calm at home.” 
          Selina Josey, the liaison with the Gulf Coast Center, recommended that, if the
trial court decided to commit appellant, he should be placed in the Austin State
Hospital. She testified that appellant’s medical records


 indicated that he was “very
aggressive with his family at home” and he was “minimally compliant with his
medications.” Josey interpreted appellant’s records to show that appellant “does not
feel that he needs treatment” because he was minimally compliant with his
medications. 
          Appellant testified again at his hearing. He explained that he was restrained
in the emergency room because “an officer came toward me in an erratical manner
and he put his hand on my throat and all I did was pull his finger off and his finger
hurt and that was it.” Appellant acknowledged that he had been in the hospital three
times for this mental condition—one of which was voluntary.
          The trial court found that appellant was suffering from a mental illness and, as
a result of that mental illness, he was likely to cause serious harm to others and he
was suffering from severe and abnormal mental, emotional or physical distress and
was unable to make a rational and informed decision about whether or not to submit
to treatment. The trial court ordered that appellant be committed to the Austin State
Hospital for a period of time not to exceed 90 days.


  
          At the conclusion of the commitment hearing, Dr. McNeel testified that,
because of his mental illness, appellant lacked the capacity to make a rational
decision about whether or not to take psychoactive medication. She testified that his
prognosis was good with the medications, but that there would be further
deterioration requiring a more restrictive environment if he did not take his
medications.
          The trial court ordered that the Texas Department of Mental Health and Mental
Retardation was authorized to administer several different types of medications in the
event that appellant refused medication or the prescribed dosage. 
Order to Administer Psychoactive Medications 
          There was no notice of appeal filed in cause number 1083-A, the order for the
administration of psychoactive medications. Consequently, cause number 01-03-01101-CV pertaining to the appeal of the order to administer psychoactive medication
is dismissed for want of jurisdiction. See Tex. R. App. P. 25.1.
Order of Commitment
          Appellant argues that the evidence was legally and factually insufficient to
support the trial court’s order for commitment. 
Standard of Review
          On an application for court-ordered temporary inpatient mental health services, 
the Texas Mental Health Code requires the State to prove, by clear and convincing
evidence, that
          (1)     the proposed patient is mentally ill; and
          (2)     as a result of that mental illness the proposed patient:
                    (A)    is likely to cause serious harm to himself;
                    (B)    is likely to cause serious harm to others; or
                    (C)    is:
                              (i)      suffering severe and abnormal mental, emotional, or
physical distress;
                              (ii)     experiencing substantial mental or physical deterioration of
the proposed patient’s ability to function independently,
which is exhibited by the proposed patient’s inability,
except for reasons of indigence, to provide for the
proposed patient’s basic needs, including food, clothing,
health, or safety; and
                              (iii)    unable to make a rational and informed decision as to
whether or not to submit to treatment.

Tex. Health & Safety Code Ann. § 574.034(a) (Vernon 2003). A trial court must
specify which criteria form the basis for its decision to grant the State’s application. 
Id. § 574.034(c) (Vernon 2003); K.T. v. State, 68 S.W.3d 887, 889-90 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
          To constitute clear and convincing evidence under the Mental Health Code for
inpatient mental health services, the evidence must include expert testimony and
“evidence of a recent, overt act or a continuing pattern of behavior that tends to
confirm: (1) the likelihood of serious harm to the proposed patient or others; or (2)
the proposed patient’s distress and the proposed patient’s deterioration of ability to
function.” Tex. Health & Safety Code Ann. § 574.034(d) (Vernon 2003);


 G.H.
v. State, 96 S.W.3d 629, 633 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
Accordingly, section 574.034 (d) requires a finding that 
          there was evidence of a recent overt act that tended to confirm 

                    (1)     the likelihood of serious harm to the proposed patient or others or 
                    (2)     the proposed patient’s distress and the deterioration of the                               proposed patient’s ability to function; or 

          there was a continuing pattern of behavior that tended to confirm 

                    (1)     the likelihood of serious harm to the proposed patient or others or                     (2)     the proposed patient’s distress and the deterioration of the                               proposed patient’s ability to function, 

Tex. Health & Safety Code Ann. § 574.034(d). To establish a matter in dispute
by clear and convincing evidence, a party must present a degree of proof that will
produce in the mind of the jury “a firm belief or conviction” as to the truth of the
matter asserted. K.T., 68 S.W.3d at 890. 
          In conducting a legal-sufficiency review, we consider only the evidence and
inferences tending to support the finding, and we disregard all contrary evidence and
inferences. Id. If any evidence of probative force exists to support the finding, we
will uphold the decision. In re K.C.M., 4 S.W.3d 392, 395(Tex. App.—Houston [1st
Dist.] 1999, pet. denied). In conducting a factual-sufficiency review, we review all
the evidence to determine if it was sufficient to produce a firm belief or conviction
in the mind of the fact finder of the allegations pleaded. K.T., 68 S.W.3d at 890.
Legal Sufficiency
          At trial, it was undisputed that appellant suffered from chronic paranoid
schizophrenia, was mentally ill, and required medication on a regular basis to help
treat his illness. The trial court found that appellant (1) was likely to cause serious
harm to others and (2) was “suffering severe and abnormal mental, emotional or
physical distress;


 and, is unable to make a rational and informed decision as to
whether or not to submit to treatment.” However, appellant argues that the evidence
was legally insufficient to support the trial court’s findings because, as is required
for a finding of clear and convincing evidence, there was no evidence of a recent,
overt act or continuing pattern of behavior tending to confirm (1) the likelihood of
serious harm to others or (2) appellant’s distress and appellant’s deterioration of
ability to function. 
          We have previously held that an expert diagnosis of mental illness, standing
alone, is not sufficient to confine a patient for treatment. K.T., 68 S.W.3d at 892;
Mezick v. State, 920 S.W.2d 427, 430 (Tex. App.—Houston [1st Dist.] 1996, no writ). 
Additionally, evidence that merely reflects a patient’s mental illness and need for
hospitalization is not sufficient to meet the State’s burden under section 574.034 of
the Mental Health Code. See, e.g., K.T., 68 S.W.3d at 892 (holding evidence of
patient’s delusion that she was pregnant and had sutures in her vagina not sufficient
to meet required statutory burden); D.J. v. State, 59 S.W.3d 352, 357 (Tex.
App.—Dallas 2001, no pet.) (holding evidence of patient’s psychotic behavior,
delusions that she had undergone surgery by satellite and had electronics implanted
in her not sufficient to meet required statutory burden); T.G. v. State, 7 S.W.3d 248,
251-52 (Tex. App.—Dallas 1999, no pet.) (holding evidence of patient’s delusion that
she was in military and that mail carrier was responsible for her welfare not sufficient
to meet required statutory burden); Johnstone v. State, 961 S.W.2d 385, 387-88 (Tex.
App.—Houston [1st Dist.] 1997, no writ) (holding evidence of patient’s
schizophrenia, auditory hallucinations, paranoia, irritability, and refusal to take
medication not sufficient to meet required statutory burden). In each of these cases,
the courts found that the evidence did not constitute clear and convincing evidence
under any of the bases allowed under section 574.034(d). 
          Here, the trial court found that appellant (1) was suffering from severe and
abnormal mental, emotional or physical distress and was unable to make a rational
and informed decision about whether or not to submit to treatment and (2) was likely
to cause serious harm to others.
          Severe and Abnormal Mental, Emotional, or Physical Distress
          In its order for temporary inpatient mental health services, the trial court found
that, in addition to the likelihood of causing serious harm to others, appellant “is
suffering severe and abnormal mental, emotional or physical distress; and, is unable
to make a rational and informed decision as to whether or not to submit to treatment.” 
The trial court’s order tracks the language from the Mental Health Code section
574.034(a)(2)(C)(i),(iii), but specifically excludes part of the conjunctive list of
requirements for satisfying this section. Section 574.034(a)(2)(C)(ii) requires a
finding that the proposed patient “is experiencing substantial mental or physical
deterioration of his ability to function independently, which is exhibited by the
proposed patient’s inability, except for reasons of indigence, to provide for his basic
needs, including food, clothing, health or safety.” Id. § 574.034(a)(2)(C)(ii). The
trial court struck through this language that was already printed on the order;
therefore, the trial court found that there was insufficient evidence to support that
portion of the statute. “To ignore the significance of the conjunctive ‘and’ . . . would
destroy the meaning of the statute.” S. Pac. Transp. Co. v. Garrett, 611 S.W.2d 670,
675 (Tex. App.—Corpus Christi 1980, no writ) (referring to need to find both that a
train was plainly visible and in hazardous proximity when attempting to find
negligence per se in auto/train collision.)
          Because there was no finding on one of the three mandatory requirements, we
hold that there was legally insufficient evidence to support an order for temporary
inpatient mental health services based on section 574.034(a)(2)(C). 
          Likelihood of Serious Harm to Others—§ 574.034(a)(2)(B) 
          The trial court also found that appellant was likely to cause serious harm to
others. To sustain this holding, there must be evidence that includes expert testimony
and “evidence of a recent, overt act or a continuing pattern of behavior that tends to
confirm (1) the likelihood of serious harm to the proposed patient or others; or (2) the
proposed patient’s distress and the proposed patient’s deterioration of ability to
function.” Tex. Health & Safety Code Ann. § 574.034(d).
          Dr. McNeel testified that appellant could function independently and that he
was not experiencing substantial mental or physical deterioration. Accordingly,
based on Dr. McNeel’s testimony, there was no evidence of any recent overt act or
continuing pattern of behavior that tended to confirm deterioration of appellant’s
ability to function.
          Finally, we must review the record to determine if the evidence is legally
sufficient to support a finding that there was evidence of a recent, overt act or a
continuing pattern of behavior that tended to confirm the likelihood of serious harm
to appellant or others. Dr. McNeel was specifically asked if there were any recent
overt acts or continuing patterns of behavior that tended to confirm the likelihood that
appellant would cause serious harm to others. Dr. McNeel responded that appellant
“became combative when told an EAD was being filed. He remains intrusive. He has
poor boundaries with others.” As in the cases cited above, the behavior relied on by
Dr. McNeel as the factual bases for her opinion regarding appellant’s likelihood of
causing serious harm to others constituted nothing more than evidence of appellant’s
mental illness and did not amount to evidence tending to confirm that appellant was
a danger to others. There was no evidence of a recent overt act or a continuing
pattern of behavior that tended to confirm the likelihood of serious harm to others. 
See id. 
          We sustain appellant’s point of error and hold that the evidence was legally
insufficient to support the trial court’s order of commitment. Because of our
disposition of this point of error, we need not consider the factual sufficiency
challenge presented in his second point of error.
Conclusion
           We reverse the order of the trial court and render judgment denying the State’s
application to commit appellant for court-ordered temporary inpatient mental health
services. We dismiss the appeal of the trial court’s order requiring the administration
of psychoactive medications for want of jurisdiction.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.