Jean SAAD, a Minor B/N/F Raafat
Saad, Appellant,

v.

NATIONAL CHILD CARE CENTER,
INC., Appellee.

No. A2422.

Court of Civil Appeals of Texas,
Houston (14th Dist.)

Feb. 11, 1981.

Jacko Hargrove, Houston, for appellant.

Wilton F. Chalker, Lorance & Thompson,
Shirley C. Hunter, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and
PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a take nothing
judgment based upon a jury verdict in Appellant's suit for damages allegedly sustained while Appellant was in the care of
Appellee at Appellee's facilities.

It is undisputed that the wind blew a
door shut catching and injuring Appellant's
little finger. Appellant was five at the
time. The only other evidence of the event
is contained in the Unsworn Statement of
the Appellant which was read into the record by counsel for Appellant without objection. Therein, Appellant alleged that she
was instructed by her teacher to shut the
door because the wind was blowing the
papers off the teacher's desk inside. While
she was attempting to shut the door, another classmate removed the rock which was
propping the door open and the wind blew
the door shut on Appellant's finger. Appellee introduced no evidence.

In response to each of the many subdivisions of Special Issue No. 1 setting forth
various alleged acts of negligence, the jury
found that Appellee was not negligent.
Having so answered all of the Negligence
issues, the jury correctly did not answer
Special Issue No. 2 regarding proximate
cause. In response to Special Issue No. 3,
the jury found that there were no damages.

Appellant contends in her first three
points of error that the findings of the jury
were so against the great weight and preponderance of the evidence as to be clearly
wrong and manifestly unjust.

In appraising these contentions, we must consider all of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). While this Court must set aside the findings and grant a new trial if an answer of the jury to a material issue is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly unjust, we must not substitute our opinion for that of the jury merely because we might have reached a different fact conclusion. *Whaley v. Transport Insurance Co.*, 559 S.W.2d 451, 453 (Tex.Civ. App.—Tyler 1977, writ ref'd n. r. e.); *Dellolio v. Brown*, 399 S.W.2d 425, 426 (Tex.Civ. App.—Houston 1966, no writ). The evidence in the record in this case does not cause us to set aside the answers of the jury to Special Issue No. 1. There was clearly evidence of damages although in answer to Special Issue No. 3 the jury found no damages. Since the answers to Special Issue No. 1 precluded any recovery, the error of the jury in failing to find damages was harmless. Appellant's first three points of error are overruled.

Appellant also assigns as error the appointment by the trial court of a Guardian-Ad-Litem and contends that such appointment was prejudicial to Appellant's case. The record shows no conflict of interest between the minor plaintiff and her parents. Therefore, the appointment of a Guardian-Ad-Litem was unnecessary in this case and served only to add to the costs of this suit. A trial court should carefully examine the facts and appoint a Guardian-Ad-Litem only when necessary. To do otherwise increases the cost of litigation and unduly burdens the trial process. *Jones v. Berry*, 456 S.W.2d 515 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.). Appellant has failed to show by the record how such appointment prejudiced the jury. Therefore, the error in appointing the Guardian-Ad-Litem is harmless.

The judgment of the court below is affirmed.