Carla M. THOMPSON, Appellant,

v.

Helen WOOTEN, et al., Appellee.

No. B14–82–383CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 17, 1983.
Rehearing Denied March 24, 1983.

Freddie N. Jackson, Law Offices of Freddie N. Jackson, Houston, for appellant.

Thomas N. Thurlow, Law Offices of Hennessy & Thurlow, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

This appeal arises from a suit brought to recover damages for personal injuries sustained by appellant, an infant of four years, brought by her next friend and mother, against appellees, owners of a licensed, day-care nursery, where children are cared for while their parents work. The case was tried to a jury, who found that the appellant was, in fact, injured while on the premises of the appellees, but found also that such injury was not due to the negligence of appellees, their servants, agents or em-

ployees. Judgment was rendered decreeing that appellant take nothing by her suit against appellees. Appellant bases her appeal on two alleged points of error. We find no error in the judgment below, and therefore overrule both points of error alleged and affirm the judgment of the trial court.

The record reflects that on May 11, 1978, at about 6:45 a.m., the appellant's mother took appellant to the said day-care nursery, where she left her in the care, custody, and control of appellees, and other supporting personnel. Thereafter, at about 4:30 p.m., appellant's aunt, a licensed vocational nurse, picked up the appellant from the nursery and noticed that the appellant was walking very funny as she came out of the nursery. After arriving home, appellant's aunt physically examined the appellant and discovered that the child's vaginal area was red and raw. The Harris County Welfare Department investigated the allegations of the appellant's mother and gave the appellant a medical examination, but took no action against the day-care center. The records of this investigation, which were admitted into evidence, included the findings and recommendations of the doctor who examined the appellant. The doctor's report, in part, contained the following:

*Impression*

1. Four year old female with enlarged hymenal ring  No evidence of penetration  This child may have possibly been fondled by a four year old in the course of normal inquisitive play.

*Recommendations*

Explained that Deitria's hymen was although enlarged slightly there were still portions of hymenal ring intact and that she was certainly still virginal.

Explained to the mother that she should make very little of this incident for the only importance that it would take with Deitria is the influence or the way that the adults surrounding her react to this incident.

Sincerely,

/s/

Margaret C. McNeese, M.D.

Assistant Professor of Pediatrics
Associate Director of the
Pediatric Out-Patient Clinic

Appellant's two points of error basically challenge the court's charge regarding the law of negligence and that degree of care required to be exercised when dealing with children of tender years. The court submitted in its charge to the jury the following definitions of "negligence" and "ordinary care":

By the term "negligence" as used in this charge is meant a failure to do that which a person of ordinary prudence in the exercise of ordinary care would do under the same or similar circumstances, or the doing of that which a person of ordinary prudence in the exercise of ordinary care would not do under the same or similar circumstances.

By the term "ordinary care" is meant that degree of care which would be exercised by a person of ordinary care and prudence under the same or similar circumstances.

Appellant argues that a different standard of negligence and a higher degree of care is applicable to adults when dealing with children, particularly those under the age of five. Although interesting, this proposition is not supported by any of the authorities that appellant cites, nor could we find any other authorities to support this contention.

As a general rule in Texas, a child who is beneath the age of five is incapable of negligence as a matter of law. *Yarborough v. Berner,* 467 S.W.2d 188, 190 (Tex. 1971). Where the negligence of a child above the age of five is at issue, the child's negligence is to be judged by a standard of conduct applicable to a child of the same age and not by that standard that is applicable to an adult. *MacConnell v. Hill,* 569 S.W.2d 524, 526 (Tex.Civ.App.—Corpus Christi 1978, no writ). Since there was no issue of the child's negligence or contributory negligence submitted in this case, the

authorities cited by appellant are inapplicable.

Although appellant does not directly assert by point of error, he implies that the findings of the jury were so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. While this court must set aside the findings and grant a new trial if an answer of the jury to a material issue is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly unjust, we must not substitute our opinion for that of the jury merely because we might have reached a different fact conclusion. *Saad v. National Child Care Center*, 612 S.W.2d 660, 661 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

Accordingly, both points of error are overruled and the judgment of the trial court is affirmed.